Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Marvin E. Aspen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0017 | **DATE** | January 17, 2012 |
| **CASE TITLE** | James Herndon (2009-0029015) v. Chicago Police Department, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's request for leave to file *in forma pauperis* [4], [5] is denied. Plaintiff is given 30 days from the date of this order to pay the $350 filing fee. If Plaintiff does not pay the filing fee within 30 days, the Court shall enter judgment dismissing this case. Plaintiff must also show cause in writing why the matter should not be dismissed as time-barred within 30 days of this order. The Clerk is directed to send Plaintiff a copy of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.

■[For further details see text below.]  Docketing to mail notices.

## STATEMENT

Plaintiff, James Herndon, a pretrial detainee at Cook County Jail, brings this *pro se* action pursuant to 42 U.S.C. § 1983. Plaintiff's motion for leave to file *in forma pauperis* is denied for lack of a sufficient showing of indigence. Plaintiff's financial affidavit reveals that he has a current balance of $563.73 and that he has sufficient monthly income while incarcerated to pay the filing fee. Because Plaintiff is a detainee for whom the county provides the necessities of life, such assets do not qualify him for pauper status. *See, e.g., Lumbert v. Illinois Department of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987); *Zaun v. Dobbin*, 628 F.2d 990, 993 (7th Cir. 1980). Plaintiff is financially able to pay the $350 filing fee and he must do so if he wishes to proceed with this action. He may pay by check or money order made payable to Clerk, United States District Court. If Plaintiff does not pay the filing fee within 30 days, the Court shall enter judgment dismissing this case. *See Brekke v. Morrow*, 840 F.2d 4, 5 (7th Cir. 1988).

Furthermore, the complaint on file appears to bring claims that are time-barred and/or that are *Heck*-barred.

Plaintiff alleges that on February 12, 2009, a police officer alleged that he had purchased drugs from Plaintiff. The police officer's allegation was based on clothing Plaintiff was wearing that day - clothing that is commonly wore in his neighborhood. The police officer made a positive identification of Plaintiff "at the confrontation level." However, the police officer's police report indicated that he purchased the drugs from an individual with no facial hair and Plaintiff had facial hair. That same day, the police officer had a "photo array line-up" and the police report did not indicate whether the police officer picked Plaintiff's photo out of the photo array line-up. Plaintiff takes issue with the police procedure and alleges that he did not become aware of the police report discrepancies until June 10, 2010, when he began representing himself in his state criminal proceeding. He alleges that the absence of proper police procedures that took place on February 12, 2009, allowed him to be improperly arrested and detained.

Federal courts borrow and apply a state's personal injury statute of limitations to all Section 1983 claims. *See Wilson v. Garcia*, 471 U.S. 261 (1984). The applicable statute in this instance is 735 ILCS 5/13-202, which provides that actions for damages shall be commenced within two years after the cause of action accrued. *Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Farrell v. McDonough*, 966 F.2d 279, 280-82 (7th Cir. 1992). Illinois no longer tolls the statute of limitations for inmates. *See Wilson v. Giesen*, 956 F.2d 738, 741 (7th Cir. 1992).

A Section 1983 action accrues when the plaintiff knew or had reason to know of the injury that is the basis of his claim. *See Sellars v. Perry*, 80 F.3d 243, 245 (7th Cir. 1996). A claim of false arrest accrues at the time of the arrest. *See Wallace v. City of Chicago*, 440 F.3d 421, 423 (7th Cir. 2006); *Perez v. Sifel*, 57 F.3d 503, 505 (7th Cir. 1995). A claim of false imprisonment accrues at the time the Plaintiff appeared before a judge and was bound over for trial in the criminal proceeding. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007). A claim of false imprisonment

| STATEMENT |
|---|

accrues at the time the Plaintiff appeared before a judge and was bound over for trial in the criminal proceeding. *See Wallace v. Kato*, 549 U.S. 384, 391 (2007). Generally, an arrested defendant is subject to a probable cause hearing within 48 hours of his warrantless arrest. *See Gerstein v. Pugh*, 420 U.S. 103, 125 (1975); *County of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991). Plaintiff alleges that he was arrested on February 12, 2009, thus, the statute of limitations for Plaintiff's Section 1983 claim based on his arrest/preliminary hearing would have arose in February 2009. Accordingly, these claim would be time-barred because they the statute of limitations would have ran in February 2011. Plaintiff alleges that he did not know about the police procedure until June of 2010; however, he would have known at the time of his arrest that he was being wrongfully arrested. *See Wallace*, 440 F.3d at 423; *Perez*, 57 F.3d at 505.

The Court notes that under Illinois law, equitable tolling of the statute of limitations "permits a plaintiff to sue after the statute of limitations has expired if through no fault or lack of diligence on his part he was unable to sue before, even though the defendant took no active steps to prevent him from suing." *Savory v. Lyons*, 469 F.3d 667, 673 (7th Cir. 2006), *quoting Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 561 (7th Cir. 1996) (additional citations omitted); *see also Orange v. Burge*, 451 F. Supp. 2d 957, 963 (N.D. Ill. 2006) (Holderman, J.) (equitable tolling may be appropriate where the plaintiff has been prevented from asserting his/her rights in some extraordinary way); *Ruffin v. Kane County Sheriff Dept.*, No. 01 C 4898, 2006 WL 2088186, at *21 (N.D. Ill. Jul. 21, 2006 (Filip, J.). However, Plaintiff's allegations do not demonstrate due diligence in bringing suit after June 2010, nor do they demonstrate extraordinary circumstances. Plaintiff would have known at the time of the arrest if the grounds cited to arrest him were false, whether or not he had proof of such malfeasance.

Claims other than false arrest and false imprisonment that stem from his February 12, 2009, arrest would relate to his on-going criminal proceedings in state court. Any claims related to his state criminal proceedings would appear to be barred by the *Heck* doctrine. "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Until the sentence has been invalidated, the cause of action for damages simply "does not accrue." *Heck*, 512 U.S. at 490. *See also Washington v. Dummerville*, 127 F.3d 552, 555-56 (7th Cir. 1997) (*Heck* applies to pending criminal charges if the Section 1983 claim would imply the invalidity of a potential conviction). The invalidity of Plaintiff's potential conviction would be called into question if Plaintiff prevailed on any remaining claims regarding his alleged improper seizure and any improperly obtained evidence from that seizure. Thus, these remaining claims related to his criminal proceedings would presently be barred by the *Heck* doctrine.

For the foregoing reasons, Plaintiff is given 30 days from the date of this order to pay the $350 filing fee. If Plaintiff does not pay the filing fee within 30 days, the Court shall enter judgment dismissing this case. Plaintiff must also show cause in writing why the matter should not be dismissed as time-barred within 30 days of this order. Plaintiff's failure to fully comply with this order will result in dismissal of this case on the understanding that he does not wish to proceed with this action in federal court at this time.